[No. 26947-3-II. Division Two. March 8, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. JERMAINE T. BEAVER, *Appellant*.

*Pattie Mhoon,* for appellant (appointed counsel for appeal).

*Gerald A. Horne, Prosecuting Attorney,* and *Barbara L. Corey-Boulet, Deputy,* for respondent.

ARMSTRONG, C.J. — Jermaine Beaver pleaded guilty to conspiracy to commit second degree murder after helping a group of boys beat Eric Toews to death. The standard range sentence for Beaver's crime was 15 to 36 weeks of confinement. But the juvenile court found that a sentence within this range would be a manifest injustice and sentenced Beaver to confinement until age 21, a term of more than five years, without the possibility of early release. On appeal, Beaver argues that by statute only the Department of Social and Health Services (DSHS) has authority to set a juvenile offender's release date or minimum term. We agree and remand for DSHS to set the minimum term.

## ANALYSIS

### I. Statutory Interpretation

Beaver argues that the trial court erred by sentencing him to confinement until age 21, without the possibility of early release. He argues that, while the trial court had authority to set his maximum sentence, only DSHS could set the minimum term. To decide the question, we must interpret the sentencing provisions of the Juvenile Justice Act of 1977, chapter 13.40 RCW.

 We review a trial court's interpretation of a statute de novo. *State v. Bright,* 129 Wn.2d 257, 265, 916 P.2d 922 (1996). Our purpose is to ascertain and give effect to the legislature's intent, giving terms their plain and ordinary meaning. *Bright,* 129 Wn.2d at 265. In construing a statute, we look to legislative history only if the statute is ambiguous. *State v. Van Woerden,* 93 Wn. App. 110, 116, 967 P.2d 14

(1998). A statute is ambiguous if it can reasonably be interpreted two or more ways. *Van Woerden*, 93 Wn. App. at 116.

■ A juvenile court may impose a disposition outside the standard range if it concludes that a standard-range disposition would effect a "manifest injustice." RCW 13.40.0357, .160(2). If the court sentences the juvenile to more than 30 days of confinement, "the court shall sentence the juvenile to a maximum term, and the provisions of RCW 13-.40.030(2) shall be used to determine the range." RCW 13.40.160(2). RCW 13.40.030(2)(c) provides that if the maximum term is more than one year, the minimum term must be at least 80 percent of the maximum term.

Beaver argues that under RCW 13.40.210(1), DSHS has exclusive authority to set a juvenile's minimum term of confinement. Former RCW 13.40.210(1) (2000) provided:

> The secretary shall, except in the case of a juvenile committed by a court to a term of confinement in a state institution outside the appropriate standard range for the offense(s) for which the juvenile was found to be guilty established pursuant to RCW 13.40.030, set a release or discharge date for each juvenile committed to its custody. The release or discharge date shall be within the prescribed range to which a juvenile has been committed[.]

A term of confinement "established pursuant to RCW 13.40.030" is one "resulting from a finding of manifest injustice." RCW 13.40.210(1), .030(2).

The State argues that RCW 13.40.210(1) allows DSHS to determine the release date except in the case of a manifest injustice disposition. According to the State, the court sets both the maximum and minimum term when it imposes a manifest injustice disposition. The present language of RCW 13.40.210(1) seems to support this interpretation. The first sentence states that "[t]he secretary shall, [except when the court imposes a manifest injustice disposition], set a release or discharge date[.]" This implies that, when the court imposes a manifest injustice disposition, DSHS will not set the release date. But another reasonable

interpretation of the section is that DSHS always sets the release date, which, unless the maximum term set by the court is outside the standard range (because of a finding of manifest injustice), must be within the standard range. Because the statute can be reasonably read in two ways, it is ambiguous. We, therefore, turn to its legislative history.

The history of RCW 13.40.210(1) shows the legislature's intent. Before 1994, the section read:

> The secretary shall, except in the case of a juvenile committed by a court to a term of confinement in a state institution outside the appropriate standard range for the offense(s) for which the juvenile was found to be guilty established pursuant to RCW 13.40.030, as now or hereafter amended, set a release or discharge date for each juvenile committed to its custody which shall be within the prescribed range to which a juvenile has been committed.

Former RCW 13.40.210(1) (1994). In 1994, the legislature divided this sentence in two and added to the second sentence:

> The secretary shall, except in the case of a juvenile committed by a court to a term of confinement in a state institution outside the appropriate standard range for the offense(s) for which the juvenile was found to be guilty established pursuant to RCW 13.40.030, as now or hereafter amended, set a release or discharge date for each juvenile committed to its custody which. The release or discharge date shall be within the prescribed range to which a juvenile has been committed except as provided in RCW 13.40.320 concerning offenders the department determines are eligible for the juvenile offender basic training camp program.

RCW 13.40.210(1); *see* LAWS OF 1994, 1st Spec. Sess., ch. 7, § 527. We conclude that the legislature did not intend to change the meaning of the first sentence of RCW 13-.40.210(1). Rather, it wanted to add to the sentence and chose to bisect it to improve its readability.

As RCW 13.40.210(1) read before the change, DSHS set the release date within the standard range except when the maximum term of confinement was beyond the standard

range. If the sentence was beyond the standard range, DSHS still set the minimum term and release date, but the statute required DSHS to set the minimum term and release date according to the provisions of RCW 13.40-.160(2).

This interpretation is consistent with other provisions of the Juvenile Justice Act of 1977. When the maximum term is beyond the standard range, DSHS cannot set a release date within the standard range. Instead, as RCW 13.40.160(2) provides, DSHS must take the maximum term set by the court and then "the provisions of RCW 13.40.030(2) shall be used to determine the range."

The State relies on *State v. S.H.*, 75 Wn. App. 1, 877 P.2d 205 (1994). There, Division One of this court held that RCW 13.40.210(1) does not apply to manifest injustice dispositions. *S.H.*, 75 Wn. App. at 15. The State argues that this means that DSHS cannot set the minimum term for a manifest injustice disposition. To the contrary, Division One actually approved the juvenile court's determination that DSHS, not the court, sets the minimum term. *S.H.*, 75 Wn. App. at 15.

We conclude that the juvenile court erred by setting the minimum term (or release date) that Beaver would serve. We affirm the juvenile court's maximum sentence, vacate the court's minimum sentence, and remand for DSHS to set the minimum term in accordance with RCW 13.40.210(1).

BRIDGEWATER and HUNT, JJ., concur.